1   Tyler A. Brown (State Bar No. 121350)
    JACKSON LEWIS P.C.
2   50 California Street, 9th Floor
    San Francisco, California 94111-4615
3   Telephone: (415) 394-9400
    Facsimile: (415) 394-9401
4   E-mail: tyler.brown@jacksonlewis.com

5   Attorneys for Defendant
    LEVITON MANUFACTURING CO., INC.
6

7

8                    UNITED STATES DISTRICT COURT

9                   NORTHERN DISTRICT OF CALIFORNIA

10                 SAN FRANCISCO/OAKLAND DIVISION

11

| | |
|---|---|
| VERNE J. WHITE,<br><br>          Plaintiff,<br><br>     v.<br><br>LEVITON MANUFACTURING CO., INC., a<br>Delaware corporation doing business in<br>California, and DOES 1 through 20,<br><br>          Defendants. | Case No.<br><br>(San Francisco Superior Court Case<br>No. CGC-19-576535)<br><br>**NOTICE OF REMOVAL OF ACTION<br>TO THE UNITED STATES DISTRICT<br>COURT FOR THE NORTHERN<br>DISTRICT OF CALIFORNIA<br>PURSUANT TO 28 U.S.C. §§ 1332, 1367<br>AND 1441(b)**<br><br>**(DIVERSITY JURISDICTION)**<br><br>(Filed concurrently with the Declaration in<br>Support of Removal, Request for Judicial<br>Notice, and Civil Cover Sheet)<br><br>Complaint Filed: June 7, 2019 |

22   TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE

23   NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO/OAKLAND DIVISION,

24   PLAINTIFF VERNE J. WHITE AND TO HIS ATTORNEYS OF RECORD:

25          PLEASE TAKE NOTICE that Defendant LEVITON MANUFACTURING CO., INC.

26   hereby invokes this Court's jurisdiction under 28 U.S.C. §§ 1332, 1367 and 1441(b) and removes

27   the above-entitled action to this Court from the Superior Court of the State of California for the

28   County of San Francisco.

                                            1
    Notice of Removal                                        Case No.

**BACKGROUND**

1.     On June 7, 2019, Plaintiff Verne J. White ("White" or "Plaintiff") filed an unverified civil complaint against LEVITON MANUFACTURING CO., INC. ("Leviton" or "Defendant") in the Superior Court of the State of California for the County of San Francisco entitled "*Verne J. White, Plaintiff v. Leviton Manufacturing Co., Inc., a Delaware corporation doing business in California; and Does 1 through 20, Defendants.*", Case No. CGC-19-576535, which sets forth the following causes of action: (1) Discrimination based on Age; (2) Wrongful Termination in Violation of Public Policy; (3) Intentional Infliction of Emotional Distress; (4) Unlawful and Unfair Business Practices.

2.     On June 12, 2019, Leviton was served with Plaintiff's Summons, Complaint, and related court documents.  True and correct copies of the Summons, Complaint, and other related court documents received by Defendant are attached collectively hereto as Exhibit A.   This removal therefore is timely because it has been filed within 30 days of service of the Summons and Complaint as required by 28 U.S.C. § 1446(b).

3.     On June 24, 2019, Defendant filed and served its Answer to Plaintiff's Complaint in San Francisco County Superior Court.  A true and correct copy of Defendant's Answer is attached as Exhibit B.

4.     In accordance with 28 U.S.C. § 1446(d), the undersigned counsel certifies that a copy of this Notice of Removal and all supporting papers will be promptly served on Plaintiff's counsel and filed with the Clerk of the San Francisco County Superior Court. Therefore, all procedural requirements under 28 U.S.C. § 1446 have been satisfied.

5.     Venue of this action lies in the United States District Court for the Northern District of California pursuant to 28 U.S.C. §§ 1441, *et seq.* and 1391(a) because this is the judicial district of this Court in which the action arose, and where the claims arose.

6.     Assignment to this division is proper because "all civil actions which arise in the count[y] of…San Francisco…shall be assigned to the San Francisco Division or the Oakland Division" of the Northern District of California.  *Northern District of California Local Rule 3.2(d)*.

Notice of Removal                                    Case No.

## DIVERSITY JURISDICTION

7.     "The district courts shall have original jurisdiction over all civil actions where the matter in controversy exceeds the sum or value of $75,000.00…and is between…citizens of different states." 28 U.S.C. § 1332(a).  Diversity jurisdiction exists when there is diversity of citizenship between the parties at the time the plaintiff files a lawsuit.  *Grupo Dataflux v. Atlas Global Group, L.P.*, 541 U.S. 567, 571 (2004).

8.     Here, at all times relevant hereto, Plaintiff was and is an individual residing in California.  Declaration of Vincent J. LoNigro ("LoNigro Decl."), ¶ 5.  *Francisco v. Emeritus Corp.,* No. CV 17-02871-BRO (SSx), 2017 U.S. Dist. LEXIS 90131, at *10 (C.D. Cal. June 12, 2017) ("Plaintiff's residence and employment in California are sufficient evidence of his intent to remain in California.");  *Smith v. Simmons*, 2008 U.S. Dist. LEXIS 21162, *22 (E.D. Cal. 2008) (place of residence provides "prima facie" case of domicile).

9.     A corporation "shall be deemed a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."  (28 U.S.C. § 1332(c)(1).)  The United States Supreme Court has specifically recognized a corporation's "principal place of business" is its "nerve center" or the state where high-level officers direct, control, and coordinate the corporation's activities.  *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1186 (2010).   In practice, a corporation's "nerve center" is generally its corporate headquarters, provided that this is the actual center of direction, control, and coordination and is not simply an office where board meetings are held.  *Id.* at 1192.  In evaluating where a corporation's "nerve center" is located, courts will look to the center of overall direction, control, and coordination of the company and will no longer weigh corporate functions, assets, or revenues in each state.  *Id.*

10.     Leviton, both at the time this action was commenced and the time it was removed to federal court, is a citizen of either the State of Delaware or New York within the meaning of Section 1332(c)(1), because it was at all times a corporation formed under the laws of the State of Delaware, with its principal place of business and corporate headquarters located at 201 North Service Road., Melville, NY 11747.  The state of New York is where all of Leviton's primary executive, administrative, financial, and management functions are conducted and where the

Notice of Removal                                                      Case No.

1  high-level officers direct, control, and coordinate the corporation's activities. *Hertz, supra,* 130

2  S.Ct. 1181.  LoNigro Decl., ¶ 2.

3      11.    Leviton's Board of Directors typically meets at its headquarters in Melville, New

4  York. *Hertz*, *supra*, 130 S.Ct. 1181; LoNigro Decl., ¶ 3.

5      12.    Applying the "nerve center" test, New York is clearly the state where Leviton's

6  primary executive, administrative, financial and management functions are conducted and where

7  the high-level officers direct, control, and coordinate the corporation's activities (i.e., the

8  principal place of business of Defendant).

9      13.    The presence of Doe defendants has no bearing on diversity with respect to

10  removal.  28 U.S.C. § 1441(a) ("For purposes of removal under this Chapter, the citizenship of

11  defendants used under a fictitious name shall be disregarded.").

12      14.    As a result, complete diversity exists because Plaintiff and Leviton are citizens of

13  different states.

14                        **AMOUNT IN CONTROVERSY**

15      15.    Again, the "district courts shall have original jurisdiction over all civil actions

16  where the matter in controversy exceeds the sum or value of $75,000.00...and is

17  between...citizens of different states."  (28 U.S.C. § 1332(a).)

18      16.    Without conceding that White is entitled to damages or could recover damages in

19  any amount whatsoever, the amount in controversy in this action for White exceeds $75,000.00,

20  exclusive of interest and costs, for the reasons discussed below.

21      17.    When a plaintiff's state court complaint is silent as to the amount of damages

22  claimed, a removing defendant need only establish that it is more probable than not that the

23  plaintiff's claim exceeds the jurisdictional minimum. *Sanchez v. Monumental Life Ins. Co.,* 95

24  F.3d 856, 860-61 (9th Cir. 1996).

25      18.    In determining whether the amount in controversy exceeds $75,000.00, a court

26  must presume a plaintiff will prevail on each and every one of his claims. *Kenneth Rothschild*

27  *Trust* v. *Morgan Stanley Dean Witter,* 199 F.Supp.2d 993, 1001 (C.D. Cal. 2002)*, citing Angus v.*

28  *Shiley Inc*., 989 F.2d 142, 146 (3rd Cir. 1993) ("the amount in controversy is not measured by

1  the low end of an open-ended claim, but rather by reasonable reading of the value of the rights

2  being litigated").

3      19.     A plaintiff is generally entitled to backpay in a wrongful termination cause of

4  action. *Parker v. Twentieth Century Fox Film Corp.* 3 Cal.3d 176, 181 (1970).  This remedy is

5  "the amount that plaintiff would have earned but for the employer's unlawful conduct." *Lowe v.*

6  *California Resources Agency,* 1 Cal. App.4th 1140, 1144 (1991).

7      20.     Both past and future loss of earnings are considered for purposes of calculating

8  the amount of controversy, even though the amount of controversy is assessed at "the time of

9  removal." *Chavez v. JPMorgan Chase & Co.* (9th Cir. 2018) 888 F.3d 413, 417.  Here, Plaintiff

10  alleges that he was terminated on April 11, 2019.  (Complaint, ¶ 9.)  White's final wage with

11  Defendant Leviton was $131,577 per year, plus bonus.  (LoNigro Decl., ¶ 4.)  Thus, Plaintiff's

12  back pay, calculated from April 11, 2019 to the date of removal filed by Defendants on June 25,

13  2019, would total approximately $11,000.   A conservative estimate of one year's front pay

14  would total approximately $158,000, which includes base pay and bonus. *Id.*

15      21.     White further claims an unspecified amount of compensatory damages for

16  emotional distress.  (*See* Complaint, Prayer for Relief.)   Plaintiffs who seek recovery for

17  emotional distress damages in analogous employment litigation frequently have been awarded

18  emotional distress damages well in excess of $75,000.  *See, e.g.,* Request for Judicial Notice,

19  Exh. A: *Stepp v. Fidelity National Title Group, Inc.,* No. BC517311 (Cal. Superior Dec. 4, 2015)

20  (awarding $191,600 in pain and suffering plus $377,250 in emotional distress damages to

21  plaintiff claiming pregnancy/gender discrimination and intentional infliction of emotional

22  distress); Exh B: *Tapia v. San Gabriel Transit, Inc.*, No. BC482433 (Cal. Superior Nov. 16,

23  2015) (awarding $775,000 in emotional distress damages to plaintiff driver in discrimination and

24  wrongful termination case); Exh. C: *Anderton v. Bass Underwriters, Inc.,* No. 34-2013-

25  00149236-CU-WT-GDS (Cal. Superior Sep. 21, 2015) (awarding $812,000 in emotional distress

26  damages to plaintiff in discrimination and wrongful termination claim); Exh. D: *Eun Joo Ko v.*

27  *Square Group, LLC dba The Square Supermarket*, BC487739 (Cal. Superior June 16, 2014)

28  ($125,000 in emotional distress damages for wrongful termination).

Notice of Removal                                                    Case No.

22. White also prays for an unspecified amount of attorneys' fees. (Complaint, Prayer for Relief.) Attorneys' fees may be included in the amount in controversy. *Simmons v. PCR Technology,* 209 F. Supp.2d 1029, 1034 (N.D. Cal. 2002) citing *Galt G/S v. JSS Scandinavia,* 142 F.3d 1150, 1155-56 (9th Cir. 1998). Attorneys' fees accrue until the action is resolved for the purpose of the amount in controversy requirement. *Simmons*, 209 F. Supp.2d at 1034. The Court may examine the nature of the action and the relief sought and take judicial notice of attorneys' fee awards in similar cases. (*Id.* at 1035 (attorneys' fees in individual employment cases often exceed damages).) It is more likely than not that, if Plaintiff prevails (which he should not), the amount of attorney's fees alone in controversy will be well over $75,000.

23. Finally, White seeks punitive damages. (Complaint, Prayer for Relief.) Punitive damages are included in calculating the amount in controversy. *Davenport v. Mutual Ben. Health & Ace. Ass'n,* 325 F.2d 785, 787 (9th Cir. 1963); *Aucina v. Amoco Oil Co.,* 871 F. Supp. 332 (S.D. Iowa 1994.) "Because the purpose of punitive damages is to capture a defendant's attention and deter others from similar conduct," a plaintiff's claim for punitive damages "might alone" exceed the jurisdictional minimum. (*Id.* at 334.) Thus, although Leviton vigorously denies White's allegations and his entitlement to any damages whatsoever, if White were to prevail on his claims, the potential punitive damages award alone against Defendant is likely to exceed the $75,000 jurisdictional minimum.

24. Accordingly, Leviton's potential liability with respect to White far exceeds the $75,000.00 threshold for diversity jurisdiction.

WHEREFORE, Defendant Leviton Manufacturing Co., Inc. removes the above-entitled action now pending in the Superior Court of the State of California for the County of San Francisco to this Court.

Dated:  June 25, 2019                               JACKSON LEWIS P.C.


                                        By: _____/s/ Tyler A. Brown_____
                                             Tyler A. Brown
                                             Attorneys for Defendant
                                             LEVITON MANUFACTURING CO., INC.

Notice of Removal                                                    Case No.

# EXHIBIT A

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

FOR COURT USE ONLY
*(SOLO PARA USO DE LA CORTE)*

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
LEVITON MANUFACTURING CO., INC., a Delaware corporation
doing business in California, and DOES 1 through 20

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*
VERNE J. WHITE

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (*www.lawhelpcalifornia.org*), the California Courts Online Self-Help Center (*www.courtinfo.ca.gov/selfhelp*), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| --- | --- |
| *(El nombre y dirección de la corte es):* San Francisco County Superior Court 400 McAllister Street, San Francisco, CA 94102 | *(Número del Caso):* CGC-19-576535 |

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del demandante, o del demandante que no tiene abogado, es):*
Jay R. Strauss (SBN 58409), Winton Strauss Law Group, P.C., 2 Ranch Drive, Novato, CA 94945;   (415) 985-2111

| DATE: **JUN 07 2019** | CLERK OF THE COURT Clerk, by | ANNA L. TORRES | , Deputy |
| --- | --- | --- | --- |
| *(Fecha)* | *(Secretario)* | | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010)).*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served

1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*

BY FAX
.... LLC

3. ☒ on behalf of *(specify):* Leviton Manufacturing Co., Inc., a Delaware Corporation

under: ☒ CCP 416.10 (corporation)   ☐ CCP 416.60 (minor)
☐ CCP 416.20 (defunct corporation)   ☐ CCP 416.70 (conservatee)
☐ CCP 416.40 (association or partnership)   ☐ CCP 416.90 (authorized person)
☐ other *(specify):*

4. ☐ by personal delivery on *(date):*

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

CM-010

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*:
Jay R. Strauss (SBN 58409); David C. Winton (SBN 152417)
WINTON STRAUSS LAW GROUP, P.C.
2 Ranch Drive, Upper Suite
Novato, CA 94945
TELEPHONE NO.: (415) 985-2111      FAX NO.: (415) 985-2112
ATTORNEY FOR *(Name)*: VERNE J. WHITE

SUPERIOR COURT OF CALIFORNIA, COUNTY OF San Francisco
STREET ADDRESS: 400 McAllister Street
MAILING ADDRESS:
CITY AND ZIP CODE: San Francisco, CA 94102
BRANCH NAME: Civil Division

*FOR COURT USE ONLY*
ENDORSED
FILED
Superior Court of California
County of San Francisco

JUN 07 2019

CLERK OF THE COURT
BY: ANNA L. TORRES
Deputy Clerk

CASE NAME:
VERNE J. WHITE v. LEVITON MANUFACTURING CO., INC., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000)   [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter   [ ] Joinder Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | CGC-19-576535 DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check **one** box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[✓] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is [✓] is not complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply)*: a. [✓] monetary   b. [✓] nonmonetary; declaratory or injunctive relief   c. [✓] punitive
4. Number of causes of action *(specify)*: 4
5. This case [ ] is [✓] is not a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

BY FAX

Date: June 6, 2019
Jay R. Strauss
(TYPE OR PRINT NAME)                    ▶                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

ENDORSED
F I L E D
Superior Court of California
County of San Francisco

JUN 0 7 2019

CLERK OF THE COURT
BY: ___ANNA L. TORRES___
Deputy Clerk

1   Jay R. Strauss, State Bar No.: 58409
2   David C. Winton, State Bar No.: 152417
    WINTON STRAUSS LAW GROUP, P.C.
3   2 Ranch Drive, Novato, CA 94945
    Tel.   (415) 985-2111
4   Fax.   (415) 985-2112

5
    Attorneys for Plaintiff
6
            SUPERIOR COURT OF THE STATE OF CALIFORNIA
7
                    COUNTY OF SAN FRANCISCO
8
    VERNE J. WHITE,                    )   Case No. CGC-19-576535
9                                      )
            Plaintiff,                 )   COMPLAINT FOR DAMAGES:
10                                     )
        vs.                            )   Age Discrimination, Wrongful
11                                     )   Termination, Intentional Infliction of
    LEVITON MANUFACTURING CO., INC.,   )   Emotional Distress, Unfair Business
12  a Delaware corporation doing business )  Practices
    in California, and DOES 1 through 20, )
13                                     )
            Defendants;                )   PLAINTIFF DEMANDS JURY TRIAL
14                                     )
15  _____)

16      Plaintiff VERNE J. WHITE, also known as and sometimes referred to as CHRIS

17  V. J. WHITE, ("Plaintiff") alleges:
                                                        BY FAX
18              SUMMARY and GENERAL ALLEGATIONS                    LLC

19  1.      This is an action by Plaintiff VERNE J. WHITE, a 69 year old male, who at the

20  time of his wrongful termination was employed by Leviton Manufacturing Co., Inc., a

21  Delaware corporation doing business in California ("Defendant").

22  2.      Plaintiff was subjected to discrimination in the workplace based on his age, as

23  more fully alleged hereafter.

24  3.      Defendants sued herein as Does One through Twenty are sued herein under

25  fictitious names pursuant to California Code of Civil Procedure §474.  Plaintiff is

                                    - 1 -

informed and believes that each Defendant sued under such fictitious name is in some manner responsible for the wrongs and damages as alleged herein.   Plaintiff does not at this time know the true names and capacities of said fictitiously named Defendants and will amend this Complaint to allege their true names and capacities when they are ascertained.

4.      Plaintiff is informed and believes, and thereon alleges, that at all material times each of the Defendants' actions and conduct complained of were known to, authorized, and ratified by the each of the other defendants and their supervisorial employees and agents.  Plaintiff is informed and believes, and thereon alleges, that all conduct by Defendants' agents and employees which was outside of the scope of their authority was known to, authorized, and ratified by other senior management employees and agents of Defendants.

5.      Each of the Defendants in this action has played a role in the unlawful and unfair employment and business practices complained of herein.

6.      Plaintiff timely filed a complaint with the California Department of Fair Employment and Housing and on or about May 28, 2019, Plaintiff received a "Right to Sue Letter" which was duly served on Defendant.

7.      Plaintiff is seeking damages from Defendant based on its intentional, wrongful, deceptive, malicious, and negligent conduct, all as more fully described herein.

## VENUE

8.      Venue of this case is appropriate in this Court because Defendant's office, known as Leviton LIVE, is located in San Francisco County, California, where Plaintiff attended meetings, events, training and other work related matters several times per month.

**FACTUAL ALLEGATIONS**

9.      Plaintiff Verne White is 69 years of age.  He was employed by Defendant from April 2012, until he was terminated on or about April 11, 2019.  The last position he held was as Western Regional Sales Manager.

10.      For the seven years prior to his termination, Plaintiff's job performance was excellent.   Prior to his termination, he did not have any work-related problems or write-ups.

11.      In the 6 months prior to his termination, Plaintiff was subjected to age related comments made by his supervisors Jeff Beyert (Vice President of Sales) and Dave Johnson (Director of Sales).   They would ask him questions like, "aren't you retiring soon?" or comment, "you should be getting ready to retire."   On multiple occasions, they hinted at or inquired about his future retirement plans.   Plaintiff rebuffed these comments and made it clear that he was not ready to retire.

12.      In early April 2019, Plaintiff received an email from Dave Johnson (with a cc to Jeff Beyert) asking plaintiff to meet them at the San Francisco office on April 11.

13.      On April 11, 2019, Plaintiff arrived at Defendant's San Francisco office and was told by Jeff Beyert, Vice President of Sales, words to the effect that Defendant needed to "cut a head" and since Plaintiff was the "oldest" he was the one to be let go.  Plaintiff was then fired. But for his age, Plaintiff would not have been terminated.

14.      Plaintiff is informed and believes, and alleges thereon, that other employees of Defendant who are over the age of 40 have either been fired or forced to resign.

**FIRST CAUSE OF ACTION**
**Discrimination Based on Age**

15.      The allegations set forth in Paragraphs 1 through 14 are realleged and incorporated herein by reference.

- 3

16.     At all times herein mentioned, Government Code §§12940–12951 were in full force and effect and were binding on Defendant. These sections require Defendants to refrain from discriminating against any employee on the basis of age, among other things.

17.     On April 11, 2019, Plaintiff was terminated by Defendant without good cause and solely because of his age, as alleged hereinabove.

18.     Plaintiff is informed and believes and thereon alleges that his age was a substantial contributing factor in Defendants' decision to terminate his employment. Such discrimination is in violation of Government Code §§12940–12951 and has resulted in damage and injury to Plaintiff as alleged herein.

19.     As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits.

20.     As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

21.     In consequence of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

22.     Plaintiff has incurred and continues to incur legal expenses and attorney fees in amounts according to proof, and is entitled to recover same.

## SECOND CAUSE OF ACTION
### Wrongful Termination of Plaintiff in Violation of Public Policy

23.     Plaintiff re-alleges, as if fully set forth herein, paragraphs 1 through 22 of this Complaint.

24.     Plaintiff's employment was wrongfully terminated in violation of fundamental public policies of the State of California, specifically, because of his age as alleged hereinabove.  Said policies are stated in the Fair Employment and Housing Act ("FEHA"), various other California Codes, the California Constitution, and in other statutes and in criminal and common laws.

25.     Plaintiff believes and thereon alleges that age was a substantial factor in Defendant's decision to terminate Plaintiff's employment.

26.     As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, he has sustained and continues to sustain substantial losses in earnings and other employment benefits. Plaintiff has also incurred attorney fees.  Plaintiff claims such amount as damages together with prejudgment interest pursuant to Civil Code Section 3287 and/or any other provision of law providing for prejudgment interest.

27.     As a proximate result of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff has suffered and continues to suffer humiliation, emotional distress, and mental and physical pain and anguish, all to his damage in a sum according to proof.

28.     In light of Defendant's willful, knowing, and intentional discrimination against Plaintiff, Plaintiff seeks an award of punitive and exemplary damages in an amount according to proof.

## THIRD CAUSE OF ACTION
### Intentional Infliction of Emotional Distress

29.    Plaintiff realleges, as if fully set forth herein, paragraphs 1 through 28 of this Complaint.

30.    When Defendant committed the acts complained of herein, they did so deliberately and intentionally, and/or in conscious disregard of the consequences of their actions, to cause Plaintiff to suffer humiliation, mental anguish, physical harm, loss of his job and income, and emotional distress.  The outrageousness of this conduct is amplified due to Plaintiff's excellent job performance during his employment term. Defendant and its agents were aware that Plaintiff was relying upon his employment, and they were aware that mistreating Plaintiff and terminating Plaintiff's employment in the manner in which they did, would cause Plaintiff to suffer extreme emotional distress, and other consequential damages.

31.    The acts of Defendant and their agents and employees constituted intentional infliction of emotional distress and such conduct of Defendant was a substantial and/or determining factor in causing damage and injury to said Plaintiff.

32.    As a proximate consequence of the wrongful acts against Plaintiff by Defendant, Plaintiff has suffered lost earnings, emotional distress, and other general special damages.

33.    Because the actions taken toward Plaintiff by Defendant, and its agents, were done in a deliberate, cold, callous, malicious, despicable, and intentional manner in order to injure and damage Plaintiff, in conscious disregard of Plaintiff's rights, Plaintiff requests an assessment of punitive damages against Defendant in an amount to be proven at the time of trial.

## FOURTH CAUSE OF ACTION
### For Unlawful and Unfair Business Practices
### [Cal. Bus. And Prof. Code 17200 et seq.]

34.   Plaintiff re-alleges and incorporates by this reference, as though fully set forth herein, paragraphs 1 through 33 of this Complaint.

35.   Defendant is a "person" as that term is defined under Cal. Bus. & Prof. Code Section 17201.

36.   Cal. Bus. & Prof. Code 17200 defines unfair competition as any unlawful, unfair, or fraudulent business act or practice.  Cal. Bus. & Prof. Code Section 17200 applies to violations of labor laws and in the employment context.

37.   At all times relevant hereto, by and through the conduct described herein, Defendant has engaged in unfair and unlawful' practices by terminating or forcing out its longer term employees, including Plaintiff.  All the acts described herein are violations of public policy; and in addition are immoral, unethical, oppressive, and unscrupulous, and thereby constitute unfair and unlawful business practices in violation of Cal. Bus. & Prof. Code 17200 et seq.

38.   By and through the unfair and unlawful business practices described herein, Defendant has obtained valuable property, money, and services from the Plaintiff and has deprived Plaintiff of valuable rights and benefits guaranteed by law and contract, all to his detriment and to the benefit of Defendant so as to allow Defendant to unfairly compete against competitors who comply with the law.

39.   Plaintiff is entitled to, and does, seek such relief as may be necessary to restore to him the money and property which Defendant has acquired, or of which Plaintiff has been deprived, by means of the above described unfair and unlawful business practices.

## REQUEST FOR JURY TRIAL

Plaintiff requests a trial by jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment against Defendant as follows:

1.    For mental and emotional distress damages according to proof;

2.    For compensatory damages, including lost wages and employment benefits according to proof;

3.    For punitive damages according to proof;

4.    For an award of interest, including prejudgment interest, at the legal rate according to proof;

5.    For an award of attorney fees according to proof;

6.    For costs of suit incurred according to proof; and

7.    For such other and further relief as the court deems appropriate.

Dated: June 6, 2019

Winton Strauss Law Group, P.C.

By: _____
Jay R. Strauss
Attorney for Plaintiff

CASE NUMBER: CGC-19-576535  VERNE J. WHITE VS. LEVITON MANUFACTURING CO., IN

## NOTICE TO PLAINTIFF

A Case Management Conference is set for:

DATE:     NOV-06-2019

TIME:     10:30AM

PLACE:    **Department 610**
          **400 McAllister Street**
          **San Francisco, CA  94102-3680**

All parties must appear and comply with Local Rule 3.

CRC 3.725 requires the filing and service of a case management statement form CM-110 no later than 15 days before the case management conference.  However, it would facilitate the issuance of a case management order, **without an appearance** at the case management conference if the case management statement is filed, served and lodged in Department 610 twenty-five (25) days before the case management conference.

Plaintiff must serve a copy of this notice upon each party to this action with the summons and complaint. Proof of service subsequently filed with this court shall so state. **This case is eligible for electronic filing and service per Local Rule 2.11. For more information, please visit the Court's website at www.sfsuperiorcourt.org under Online Services.**

**[DEFENDANTS: Attending the Case Management Conference does not take the place of filing a written response to the complaint. You must file a written response with the court within the time limit required by law. See Summons.]**

## ALTERNATIVE DISPUTE RESOLUTION REQUIREMENTS

**IT IS THE POLICY OF THE SUPERIOR COURT THAT EVERY CIVIL CASE SHOULD PARTICIPATE IN MEDIATION, ARBITRATION, NEUTRAL EVALUATION, AN EARLY SETTLEMENT CONFERENCE, OR OTHER APPROPRIATE FORM OF ALTERNATIVE DISPUTE RESOLUTION PRIOR TO A TRIAL.**

**(SEE LOCAL RULE 4)**

Plaintiff **must** serve a copy of the Alternative Dispute Resolution (ADR) Information Package on each defendant along with the complaint.  (CRC 3.221.) The ADR package may be accessed at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution or you may request a paper copy from the filing clerk. All counsel must discuss ADR with clients and opposing counsel and provide clients with a copy of the ADR Information Package prior to filing the Case Management Statement.

**Superior Court Alternative Dispute Resolution Administrator**
**400  McAllister Street, Room 103-A**
**San Francisco, CA  94102**
**(415) 551-3869**

**See Local Rules 3.3, 6.0 C and 10 B re stipulation to judge pro tem.**



# Superior Court of California, County of San Francisco
## Alternative Dispute Resolution
## Information Package



The plaintiff must serve a copy of the ADR Information Package on each defendant along with the complaint. Cross-complainants must serve a copy of the ADR Information Package on any new parties to the action together with the cross-complaint. (CRC 3.221(c).)

## WHAT IS ADR?

Alternative Dispute Resolution (ADR) is the term used to describe the various options available for settling a dispute without a trial. There are many different ADR processes, the most common forms of which are mediation, arbitration and settlement conferences. In ADR, trained, impartial people decide disputes or help parties decide disputes themselves. They can help parties resolve disputes without having to go to trial.

## WHY CHOOSE ADR?

It is the policy of the Superior Court that every long cause, non-criminal, non juvenile case should participate either in an early settlement conference, mediation, arbitration, early neutral evaluation or some other alternative dispute resolution process prior to trial. (Local Rule 4.)

ADR can have a number of advantages over traditional litigation:

- **ADR can save time.** A dispute often can be resolved in a matter of months, even weeks, through ADR, while a lawsuit can take years.
- **ADR can save money,** including court costs, attorney fees, and expert fees.
- **ADR encourages participation.** The parties may have more opportunities to tell their story than in court and may have more control over the outcome of the case.
- **ADR is more satisfying.** For all the above reasons, many people participating in ADR have reported a high degree of satisfaction.

**\*\*Electing to participate in an ADR process does not stop the time period to respond to a complaint or cross-complaint\*\***

## WHAT ARE THE ADR OPTIONS?

The San Francisco Superior Court offers different types of ADR processes for general civil matters. The programs are described below:

## 1) MANDATORY SETTLEMENT CONFERENCES

Settlement conferences are appropriate in any case where settlement is an option. The goal of settlement conferences is to provide participants an opportunity to reach a mutually acceptable settlement that resolves all or part of a dispute. Mandatory settlement conferences are ordered by the court and are often held near the date a case is set for trial, although they may be held earlier if appropriate. A party may elect to apply to the Presiding Judge for a specially set mandatory settlement conference by filing an ex parte application. See Local Rule 5.0 for further instructions. Upon approval by the Presiding Judge, the court will schedule the conference and assign a settlement conference officer.

**2) MEDIATION**

Mediation is a voluntary, flexible, and confidential process in which a neutral third party facilitates negotiations. The goal of mediation is to reach a mutually satisfactory agreement that resolves all or part of a dispute after exploring the interests, needs, and priorities of the parties in light of relevant evidence and the law.

**(A) MEDIATION SERVICES OF THE BAR ASSOCIATION OF SAN FRANCISCO (BASF),** in cooperation with the Superior Court, is designed to help civil litigants resolve disputes before they incur substantial costs in litigation. While it is best to utilize the program at the outset of litigation, parties may use the program at any time while a case is pending. Experienced professional mediators work with parties to arrive at a mutually agreeable solution. The mediators provide one hour of preparation time and the first two hours of mediation time. Mediation time beyond that is charged at the mediator's hourly rate. BASF pre-screens all mediators based upon strict educational and experience requirements. Parties can select their mediator from the panels at www.sfbar.org/mediation or BASF can assist with mediator selection. BASF staff handles conflict checks and full case management. The success rate for the program is 67% and the satisfaction rate is 99%. BASF charges an administrative fee of $295 per party. The hourly mediator fee beyond the first three hours will vary depending on the mediator selected. Waivers of the fee are available to those who qualify. For more information, call 415-982-1600 or email adr@sfbar.org.

**(B) JUDICIAL MEDIATION PROGRAM** provides mediation with a San Francisco Superior Court judge for civil cases, which include but are not limited to, personal injury, construction defect, employment, professional malpractice, insurance coverage, toxic torts and industrial accidents. Parties may utilize this program at any time throughout the litigation process. Parties interested in judicial mediation should file a Stipulation to Judicial Mediation indicating a joint request for inclusion in the program. A preference for a specific judge may be indicated. The court will coordinate assignment of cases for the program. There is no charge. Information about the Judicial Mediation Program may be found by visiting the ADR page on the court's website: www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

**(C) PRIVATE MEDIATION:** Although not currently a part of the court's ADR program, parties may select any private mediator of their choice. The selection and coordination of private mediation is the responsibility of the parties. Parties may find mediators and organizations on the Internet. The cost of private mediation will vary depending on the mediator selected.

**(D) COMMUNITY BOARDS MEDIATION SERVICES:** Mediation services are offered by Community Boards (CB), a nonprofit resolution center, under-the Dispute Resolution Programs Act. CB utilizes a three-person panel mediation process in which mediators work as a team to assist the parties in reaching a shared solution. To the extent possible, mediators are selected to reflect the demographics of the disputants. CB has a success rate of 85% for parties reaching a resolution and a consumer satisfaction rate of 99%. The fee is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available. For more information, call 415-920-3820 or visit communityboards.org.

## 3) ARBITRATION

An arbitrator is a neutral attorney who presides at a hearing where the parties present evidence through exhibits and testimony. The arbitrator applies the law to the facts of the case and makes an award based upon the merits of the case.

### (A) JUDICIAL ARBITRATION

When the court orders a case to arbitration it is called "judicial arbitration". The goal of arbitration is to provide parties with an adjudication that is earlier, faster, less formal, and usually less expensive than a trial. Pursuant to CCP 1141.11, all civil actions in which the amount in controversy is $50,000 or less, and no party seeks equitable relief, shall be ordered to arbitration. (Upon stipulation of all parties, other civil matters may be submitted to judicial arbitration.) An arbitrator is chosen from the court's arbitration panel. Arbitrations are generally held between 7 and 9 months after a complaint has been filed. Judicial arbitration is not binding unless all parties agree to be bound by the arbitrator's decision. Any party may request a trial within 60 days after the arbitrator's award has been filed. Local Rule 4.1 allows for mediation in lieu of judicial arbitration, so long as the parties file a stipulation to mediate after being assigned to judicial arbitration. There is no cost to the parties for judicial arbitration.

### (B) PRIVATE ARBITRATION

Although not currently a part of the court's ADR program, civil disputes may also be resolved through private arbitration. Here, the parties voluntarily consent to arbitration. If all parties agree, private arbitration may be binding and the parties give up the right to judicial review of the arbitrator's decision. In private arbitration, the parties select a private arbitrator and are responsible for paying the arbitrator's fees.

## HOW DO I PARTICIPATE IN ADR?

Litigants may elect to participate in ADR at any point in a case. General civil cases may voluntarily enter into the court's or court-affiliated ADR programs by any of the following means:

- Filing a Stipulation to ADR: Complete and file the Stipulation form (attached to this packet and available on the court's website); or
- Indicating your ADR preferences on the Case Management Statement (available on the court's website); or
- Contacting the court's ADR Department (see below), the Bar Association of San Francisco's ADR Services, or Community Boards.

**For more information about ADR programs or dispute resolution alternatives, contact:**

Superior Court Alternative Dispute Resolution
400 McAllister Street, Room 103-A, San Francisco, CA 94102
415-551-3869
Or, visit the court's ADR page at www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

TO PARTICIPATE IN ANY OF THE COURT'S ADR PROGRAMS, PLEASE COMPLETE AND FILE THE ATTACHED STIPULATION TO ADR AND SUBMIT IT TO THE COURT. YOU MUST ALSO CONTACT BASF OR COMMUNITY BOARDS TO ENROLL IN THEIR LISTED PROGRAMS. THE COURT DOES NOT FORWARD COPIES OF STIPULATIONS TO BASF OR COMMUNITY BOARDS.

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name and address) | FOR COURT USE ONLY |
|---|---|
| TELEPHONE NO : <br><br> ATTORNEY FOR (Name): | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF SAN FRANCISCO <br> 400 McAllister Street <br> San Francisco, CA 94102-4514 | |
|---|---|
| PLAINTIFF/PETITIONER: <br><br> DEFENDANT/RESPONDENT: | |

| STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION (ADR) | CASE NUMBER: _____ <br><br> **DEPARTMENT 610** |
|---|---|

1) The parties hereby stipulate that this action shall be submitted to the following ADR process:

☐ **Mediation Services of the Bar Association of San Francisco (BASF)** - Experienced professional mediators, screened and approved, provide one hour of preparation and the first two hours of mediation time for a BASF administrative fee of $295 per party. Mediation time beyond that is charged at the mediator's hourly rate. Waivers of the administrative fee are available to those who qualify. BASF assists parties with mediator selection, conflicts checks and full case management. www.sfbar.org/mediation

☐ **Mediation Services of Community Boards (CB)** – Service in conjunction with DRPA, CB provides case development and one three-hour mediation session. Additional sessions may be scheduled. The cost is $45-$100 to open a case, and an hourly rate of $180 for complex cases. Reduction and waiver of the fee are available to those who qualify. communityboards.org

☐ **Private Mediation** - Mediators and ADR provider organizations charge by the hour or by the day, current market rates. ADR organizations may also charge an administrative fee. Parties may find experienced mediators and organizations on the Internet.

☐ **Judicial Arbitration** - Non-binding arbitration is available to cases in which the amount in controversy is $50,000 or less and no equitable relief is sought. The court appoints a pre-screened arbitrator who will issue an award. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute resolution

☐ **Judicial Mediation** - The Judicial Mediation program offers mediation in civil litigation with a San Francisco Superior Court judge familiar with the area of the law that is the subject of the controversy. There is no fee for this program. www.sfsuperiorcourt.org/divisions/civil/dispute-resolution

Judge Requested (see list of Judges currently participating in the program): _____

Date range requested for Judicial Mediation (from the filing of stipulation to Judicial Mediation):

☐ 30-90 days ☐ 90-120 days ☐ Other (please specify) _____

☐ Other ADR process (describe) _____

2) The parties agree that the ADR Process shall be completed by (date): _____
3) Plaintiff(s) and Defendant(s) further agree as follows:

_____

_____

| | |
|---|---|
| _____ <br> Name of Party Stipulating | _____ <br> Name of Party Stipulating |
| _____ <br> Name of Party or Attorney Executing Stipulation | _____ <br> Name of Party or Attorney Executing Stipulation |
| _____ <br> Signature of Party or Attorney | _____ <br> Signature of Party or Attorney |
| ☐ Plaintiff ☐ Defendant ☐ Cross-defendant | ☐ Plaintiff ☐ Defendant ☐ Cross-defendant |
| Dated | Dated: _____ |

☐ *Additional signature(s) attached*

ADR-2  10/18      STIPULATION TO ALTERNATIVE DISPUTE RESOLUTION

Superior Court of California,
County of San Francisco
Civil/Small Claims

Jun-07-2019   W1019607FOOB        ATORRES
11:31:18

CASE NUMBER: CGC-19-576535

VERNE J. WHITE VS. LEVITON MANUFACTURING
CO., INC., A DELAWARE ET AL

CIVIL COMPLAINT/PETITION/OTHER FIRST PAP
ER

,FILED BY

COURT APPEARANCE SCHEDULED FOR
WEDNESDAY, NOV 06, 2019 AT 10:30 AM
IN COURTROOM 610,
CIVIC CENTER COURTHOUSE

FEE:        $450.00 PAID BY CHECK

            THANK YOU

# EXHIBIT B

1   Tyler A. Brown (State Bar No. 121350)
     JACKSON LEWIS P.C.
2   50 California Street, 9th Floor
     San Francisco, California  94111-4615
3   Telephone:  (415) 394-9400
     Facsimile:  (415) 394-9401
4   E-mails: brownt@jacksonlewis.com

5   Attorneys for Defendant
     LEVITON MANUFACTURING CO., INC.
6

7

8              SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                 FOR THE COUNTY OF SAN FRANCISCO

10

11  VERNE J. WHITE,                Case No.: CGC-19-576535

12         Plaintiff,           **DEFENDANT'S ANSWER TO PLAINTIFF**
                                     **VERNE J. WHITE'S COMPLAINT**
13       v.

14  LEVITON MANUFACTURING CO., INC., a    Complaint Filed:   June 7, 2019
     Delaware corporation doing business in California,  Trial Date:       None
15  and DOES 1 through 20,

16        Defendants.

17

18

19        Defendant LEVITON MANUFACTURING CO., INC. ("Defendant" or "Leviton") hereby

20  answers the Complaint ("Complaint") filed by Plaintiff VERNE J. WHITE ("Plaintiff") as follows:

21                           **GENERAL DENIAL**

22        Pursuant to Code of Civil Procedure section 431.30(d), Defendant denies, generally and

23  specifically, each and every allegation contained in Plaintiff's Complaint.

24                       **AFFIRMATIVE DEFENSES**

25        By way of affirmative defenses to the allegations of the Complaint herein, Defendant alleges as

26  follows:

27  //

28  //

1

Defendant Leviton Manufacturing Co., Inc.'s Answer to
Plaintiff Verne J. White's Complaint for Damages                Case No. CGC-19-576535

1

### FIRST AFFIRMATIVE DEFENSE

2   The Complaint as a whole, and each purported cause of action alleged therein, fails to state facts

3   sufficient to constitute a cause of action.

4

### SECOND AFFIRMATIVE DEFENSE

5   Plaintiff's Complaint and each alleged cause of action are barred in whole or in part by the

6   applicable statutes of limitations.

7

### THIRD AFFIRMATIVE DEFENSE

8   To the extent discovery may disclose information which could serve as a basis for termination of

9   Plaintiff's employment, Plaintiff is barred from recovery by the after-acquired evidence doctrine.

10

### FOURTH AFFIRMATIVE DEFENSE

11   Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because

12   Defendant had in place internal complaint policies and procedures, including policies and procedures

13   prohibiting discrimination, and Plaintiff failed to avail himself of available internal remedies before

14   bringing this lawsuit.

15

### FIFTH AFFIRMATIVE DEFENSE

16   Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because

17   assuming *arguendo* that discriminatory reasons were a factor in any employment decision involving

18   Plaintiff, Defendant would have made the same employment decisions with regard to Plaintiff for

19   legitimate, non-retaliatory business reasons.

20

### SIXTH AFFIRMATIVE DEFENSE

21   Plaintiff's Complaint and each alleged cause of action are barred in whole or in part because any

22   and all actions taken by Defendant with respect to Plaintiff was taken in good faith for legitimate, non-

23   discriminatory reasons.

24

### SEVENTH AFFIRMATIVE DEFENSE

25   Plaintiff's Complaint and each alleged cause of action are barred in whole or in part by the

26   doctrine of laches, waiver, estoppel, avoidable consequences and/or unclean hands.

27   //

28   //

2

### EIGHTH AFFIRMATIVE DEFENSE

Plaintiff is barred in whole or in part from recovering any damages, or any recovery must be reduced, to the extent Plaintiff failed to exercise reasonable diligence to mitigate his alleged damages.

### NINTH AFFIRMATIVE DEFENSE

Plaintiff's damages, if any, must be reduced by all income received by Plaintiff, including all earned income, state disability payments, social security payments, private disability insurance, Medi-Cal and Medicare benefits, and any other monies paid to Plaintiff in compensation for services rendered under any federal, state or local program or from any private insurance.

### TENTH AFFIRMATIVE DEFENSE

Defendant is entitled to an offset for any monies received by Plaintiff from any source in compensation for his alleged economic damages and non-economic damages under the common-law doctrine of offset and under the doctrine prohibiting double recovery set forth in *Witt v. Jackson* (1961) 57 Cal.2d 57 and its progeny.

### ELEVENTH AFFIRMATIVE DEFENSE

Plaintiff's causes of action are barred because the exclusive remedy for Plaintiff's alleged injuries, including any emotional injuries, if any, is before the California Workers' Compensation Appeals Board pursuant to the exclusive remedy provisions of the California Workers' Compensation Act (*see* California Labor Code section 3600, *et seq.*).

### TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claim for emotional distress is barred because the alleged conduct was not, as a matter of law, outrageous, intentional or reckless conduct.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claim for intentional infliction of emotional distress is barred because Plaintiff has not suffered severe emotional distress, or any at all, as a result of Defendant's alleged conduct.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiff's purported cause of action for Unfair Business Practices under Business and Professions Code sections 17200, *et seq.* is barred because the alleged practices are not unfair, unlawful or fraudulent, Defendant complied with all applicable statutes and regulations, and Defendant gained no

1   competitive advantage by such practices.

2   **FIFTEENTH AFFIRMATIVE DEFENSE**

3   Plaintiff's purported cause of action for Unfair Business Practices under Business and

4   Professions Code sections 17200, *et seq*. fails to state sufficient facts to constitute a cause or causes of

5   action, and/or has a defect in joinder, because Plaintiff does not have standing in his individual or

6   representative capacity under Business and Professions Code section 17204, and Plaintiff is not

7   authorized to bring a representative claim against Defendant under Business and Professions Code

8   section 17203.

9   **SIXTEENTH AFFIRMATIVE DEFENSE**

10   Because the Complaint is couched in conclusory terms, Defendant cannot fully anticipate

11   all defenses that may be applicable to the within actions.  Accordingly, the right to assert additional

12   defenses, if and to the extent that such defenses are applicable, is hereby reserved.

13   **WHEREFORE**, Defendant prays for judgment as follows:

14   1.     That Plaintiff take nothing by his Complaint;

15   2.     That the Complaint be dismissed in its entirety with prejudice;

16   3.     That Plaintiff be denied each and every demand and prayer for relief contained in the

17   Complaint;

18   4.     For cost of suits incurred herein, including reasonable attorneys' fees; and

19   5.     For such other and further relief as the Court deems just and equitable.

20

21   DATED:  June 24, 2019                      JACKSON LEWIS P.C.

22

23                                             By: _____

24                                                 Tyler A. Brown
                                                  Attorneys for Defendant
25                                                 LEVITON MANUFACTURING CO., INC.

26

27

28

4

Defendant Leviton Manufacturing Co., Inc.'s Answer to
Plaintiff Verne J. White's Complaint for Damages                          Case No. CGC-19-576535

1       **PROOF OF SERVICE**

2           I, Larry Nelson, declare that I am employed with the law firm of Jackson Lewis P.C.,

3   whose address is 50 California Street, 9th Floor, San Francisco, California 94111-4615; I am over

4   the age of eighteen (18) years and am not a party to this action.

5           On June 24, 2019, I served the attached **DEFENDANT'S ANSWER TO PLAINTIFF**

6   **VERNE J. WHITE'S COMPLAINT** in this action by placing a true and correct copy thereof,

7   enclosed in a sealed envelope, and addressed as follows:

8   Jay R. Strauss, Esq.                                 Attorneys for Plaintiff
    David C. Winton, Esq.                                Verne J. White
9   Winton Strauss Law Group, P.C.
    2 Ranch Drive
10  Novato, CA  94945
    Tel. (415) 985-2111
11  Fax (415) 985-2112

12  ☒      BY MAIL:  United States Postal Service by placing sealed envelopes with the postage
            thereon fully prepaid, placed for collection and mailing on this date, following ordinary
13          business practices, in the United States mail at San Francisco, California.  [( ) *Courtesy
            copy by e-mail/fax.*]
14

15  ☐      BY HAND DELIVERY:  I caused such envelope(s) to be delivered by hand to the above
            address.
16

17  ☐      BY OVERNIGHT DELIVERY:  I caused such envelope(s) to be delivered to the above
            address within 24 hours by overnight delivery service.
18

19  ☐      BY FACSIMILE:  I caused such document to be transmitted by facsimile from our fax
            number (415) 394-9401 to the fax number indicated above (by written agreement,
20          confirming letter dated and signed MM/DD/YY).

21  ☐      BY E-MAIL:  I caused such document to be transmitted electronically from the
22          undersigned's e-mail  larry.nelson@jacksonlewis.com to the e-mail address(es) listed
            above (by written agreement, confirming letter dated and signed MM/DD/YY).
23

24          I declare under penalty of perjury, under the laws of the State of California, that the

25  above is true and correct.

26          Executed on June 24, 2019, at San Francisco, California.

27

28                                                  _____
                                                            Larry Nelson

Proof of Service                                            Case No. CGC-19-576535